GUMZ *v.* CAMPBELL, JR., ETC.

[No. 17,598.   Filed June 11, 1947.]

*Edward J. Ryan,* of Valparaiso, and *Louis A. Reidel-bach,* of Winamac, for appellant.

*E. Miles Norton,* of Crown Point, *James Chester,* of Valparaiso, and *Jesse W. Gammon,* of Indianapolis, for appellee.

ROYSE, J.—Appellee brought this action against appellant for damages to his automobile arising out of a collision between appellee's automobile and two trucks operated by appellant's employees. The complaint averred four acts of negligence. Appellant filed an answer of admission and denial under the rules, and a cross-complaint against appellee for damages to his trucks in which he charged appellee with four acts of negligence. Trial to a jury resulted in a verdict for $1,100 in favor of appellee. From the judgment on this verdict appellant brings this appeal, assigning as error the overruling of his motion for a new trial. The

specifications of that motion not waived question the sufficiency of the evidence to sustain the verdict, the legality of the verdict, and that the trial court erred in refusing to give to the jury certain instructions tendered by appellant.

While there is a sharp conflict in the evidence, in considering the sufficiency of the evidence we are permitted to consider only that most favorable to appellee. From the record before us the jury might have found or reasonably inferred the following facts: At about nine A. M. on February 3, 1944, appellee and a companion were driving north on U. S. Road 41 at a point south of the town of Morocco. Two trucks operated by employees of appellant were also driving north on said highway. These trucks were loaded with limestone. The weather was foggy, pavement was damp, but at the time it was not raining. Visibility was from 100 to 200 feet. Some place from two to three miles south of Morocco appellee drove his car past the second of appellant's trucks. He then drove between the two trucks through Morocco. At a point just north of Morocco there was an accident which involved other automobiles and blocked Highway 41. The truck of appellant which was ahead of appellee's car stopped on account of this accident. Appellee stopped about five or six feet behind this truck. About one minute after he stopped the second truck crashed into the back of appellee's car and pushed it into the rear of the first truck. As a, result of this collision appellee's automobile was demolished and subsequently sold for junk. There was evidence the trucks were traveling at an unreasonable rate of speed giving regard to the weather conditions and traffic on the road. There was also evidence that appellee was operating his car in a careful and prudent manner. The evidence as to

the value of appellee's car before and after the accident was sufficient to sustain the verdict of $1,100.00. We hold these facts sufficient to sustain the verdict.

Appellant next contends the trial court erred in refusing to give to the jury his tendered instruction No. 5. This instruction is as follows:

> "You are instructed that it is unlawful for a motor vehicle to be driven to the left side of the center of the road, in over-taking and passing another vehicle proceeding in the same direction, unless such left side is clearly visible and is free of on-coming traffic for a sufficient distance ahead to permit such over-taking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction, or any vehicle over-taken. In every event, the vehicle must return to the right-hand side of the roadway, before coming within One Hundred Feet of any vehicle approaching from the opposite direction."

This embodies the provisions of § 47-2014, Burns' 1940 Replacement. Appellant's cross-complaint might reasonably be construed to charge appellee with a violation of this section of the statute. Under these circumstances, if there was any evidence in the record tending to sustain such averment it was error to refuse this instruction.

In support of his contention appellant introduced evidence that appellee did not pass the second truck until after the trucks were north of Morocco. One witness testified when he first saw appellee's car and the second truck they were side by side north of said town and appellee's car was angling across the pavement in front of the truck. One of his witnesses said he could see ahead only 50 feet. The driver of the second truck said the visibility was about 100 feet. He said when he first saw the obstruction

caused by the other accident he was 75 to 100 feet away. Appellant asserts this evidence made it the duty of the trial court to give the above instruction. On this question we quote from his brief:

"It was our theory that at the time and place, the Plaintiff did not have clear visibility and that the roadway ahead was not free from other traffic; it was our theory that the Plaintiff did not return to the right hand side of the roadway before coming within 100 feet of vehicles approaching from the opposite direction; it was also our theory that the road ahead was not visible to the Plaintiff as defined in the statute, and that at the time he could not have passed without interfering with the safe operation of not only approaching vehicles, but the vehicle which was overtaken and with which he came in contact."

We cannot agree with appellant's contention. There is no evidence of any on-coming traffic or that appellee failed to return to the right-hand side of the roadway before coming within 100 feet of any vehicle which was approaching from the opposite direction. The evidence is undisputed that no vehicle was approaching from the opposite direction because the highway was blocked by the other accident. The evidence relied on by appellant might tend to establish common law negligence but in our opinion it would not justify the giving of appellant's instruction No. 5. If appellant was not satisfied with the court's instruction on common law negligence he should have tendered one he believed sufficient.

In the oral argument of this case appellant has waived other questions presented in his brief.

The judgment is affirmed.

NOTE.—Reported in 73 N. E. (2d) 345.